UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES A. TAYLOR, JR.,

       Plaintiff,

v.                                          CASE NO. 05-CV-60281-AA
                                          HONORABLE JOHN CORBETT O'MEARA

G. HEISLER and C.O. HARRINGTON,

       Defendants.
_____/

## ORDER OF DISMISSAL

### I. Introduction

     Plaintiff Charles A. Taylor, Jr., is a state prisoner at the St. Louis Correctional Facility in St. Louis, Michigan. He has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Defendants are a correctional officer named Harrington and G. Heisler, who is a hearing officer for the Michigan Department of Corrections. The complaint and exhibits allege that, during a routine "shakedown" of Plaintiff's cell on February 12, 2005, defendant Harrington found seven bottles of a fermented substance that smelled of alcohol. Harrington then wrote a misconduct report, citing Plaintiff with substance abuse. On March 3, 2005, defendant Heisler held a hearing on the misconduct report and determined that Plaintiff was guilty as charged. Plaintiff was punished with fifteen days loss of privileges. He seeks money damages and an award of immunity for violations of his rights under the Eighth and Fourteenth Amendments to the United States Constitution.

### II. Discussion

To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendant acted under color of law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). An indigent prisoner's civil rights complaint against a governmental entity, officer, or employee may be dismissed if it (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff's only ground for relief is that state officials exceeded the deadline for conducting his misconduct hearing. Plaintiff alleges that the untimely hearing deprived him of his rights under state and federal law.

### A. The Alleged Violation of State Law

An exhibit to the complaint indicates that the basis for Plaintiff's state law claim is paragraph Z.2. of Michigan Department of Corrections Policy Directive 03.03.105 (Feb. 14, 2005), which reads:

> Z. A major misconduct hearing shall be conducted within seven business days after the prisoner receives written notice of the misconduct charge except as follows:
>
>    . . . .
>
>    2.   If the prisoner is transferred to a local jail facility, a reception facility or a higher security level, not including segregation, as a result of the misconduct. In such cases, the hearing shall be conducted within 14 business days after that transfer or receipt of written notice of the charge, whichever occurs first.

2

Plaintiff has not alleged that he was transferred as a result of the alleged misconduct, but exhibits to his complaint indicate that he was charged with misconduct on Saturday, February 12, 2005. His hearing was held fourteen business days later on Thursday, March 3, 2005. Consequently, there is no basis in fact for Plaintiff's allegation that he was denied a timely hearing.

### B. The Due Process Claim

Even if Plaintiff was denied a timely hearing, his argument under the Fourteenth Amendment to the United States Constitution lacks merit. Although "[t]he Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law," *Bazzetta v. McGinnis*, __ F.3d __, __, No. 04-1823, 2005 WL 3315296, at *5 (6th Cir. Nov. 28, 2005), "[t]he mere fact of discipline or the imposition of sanctions in prison does not automatically trigger due process protections." *Williams v. Bass,* 63 F.3d 483, 485 (6th Cir. 1995). A prisoner possesses a protected liberty interest only if the restriction or deprivation imposed constitutes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

The only sanction imposed on Plaintiff was a loss of privileges for fifteen days. When prison officials punish a prisoner with a loss of privileges, they are not required to use procedures that comply with due process. *Wolff v. McDonnell*, 418 U.S. 539, 571 n.19 (1974). Moreover, Plaintiff received all the process that would have been due if he had been deprived of disciplinary credits. He was accorded notice, a hearing, and an opportunity to be heard.

Furthermore, in *Sandin*, the Supreme Court held that a prisoner's placement in

3

segregation for thirty days "did not work a major disruption in his environment" and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin,* 515 U.S. at 486. The Court concludes from *Sandin* that the loss of privileges for fifteen days did not deprive Plaintiff of a protected liberty interest. "Where an interest is not a protected one, there is no cognizable harm to the individual when deprived of that interest." *Orr v. Hawk*, 156 F.3d 651, 654 (6th Cir. 1998) (citing *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

Even if Plaintiff could establish a protected liberty interest, the requirements of due process are satisfied when "some evidence" supports a disciplinary official's decision. *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). The evidence in this case included a photograph of the "spud" juice found in Plaintiff's laundry bag. Plaintiff claimed at his misconduct hearing that he did not recognize the bottles of fermented juice, but defendant Heisler determined that defendant Harrington's statements were more credible than Plaintiff's assertion that he was not guilty. This Court is

> not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence. *Hill,* 472 U.S. at 455, 105 S. Ct. at 2774. "Instead the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56, 105 S.Ct. at 2774. (Emphasis added).

*Williams*, 63 F.3d at 486. Because the photograph and defendant Harrington's observations constituted "some evidence" to support the misconduct charge, Plaintiff's challenge to the disciplinary proceedings is frivolous.

### C.  The Eighth Amendment Claim

Plaintiff alleges that his rights under the Eighth Amendment to the United States Constitution also were violated.  The Eighth Amendment proscribes the infliction of "cruel and unusual punishments."  U.S. CONST. amend. VIII.

> In the context of prison conditions, the Cruel and Unusual Punishment Clause forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime. . ."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  To succeed in an Eighth Amendment challenge, Plaintiff must establish that (1) a single, identifiable necessity of civilized human existence is being denied (objective prong) and (2) the defendant prison official acted with a sufficiently culpable state of mind.  *See, e.g., Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

*Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004).  Plaintiff has not alleged any facts demonstrating that he was denied a necessity or subjected to wanton and unnecessary pain.  Therefore, his Eighth Amendment claim lacks merit.

### III.  Conclusion

Plaintiff's claims lack an arguable basis in law and, therefore, are frivolous.  Accordingly, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  An appeal from this order also would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

                                              s/John Corbett O'Meara  
                                              John Corbett O'Meara  
                                              United States District Judge

Dated:  January 9, 2006